UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY MUNRO ROBERTS,

    Petitioner,

-vs-                                        Case No.   8:23-cv-819-CEH-TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("petition") (Doc. 1), which was transferred to this Court from the United States District Court, Eastern District of Missouri (*See* Doc. 4). Upon review of the petition and the applicable law, the Court concludes it is without jurisdiction to consider the petition, and the petition should be transferred back to the Eastern District of Missouri.

**BACKGROUND**

After pleading guilty to wire fraud, Petitioner was sentenced in this Court on March 16, 2018, to 80-months imprisonment followed by 36 months on supervised release. *See United States v. Roberts*, Case No. 15-cr-356-CEH-CPT (M.D.Fla.) – Docket Entry#163. He was released from incarceration to supervised release on June 4, 2022

1

(Doc. 1-1, page 2). He is serving his supervised release term in Chesterfield, Missouri (*Id*., page 3). And his supervised release administrator resides in St. Louis, Missouri.[1]

On January 27, 2023, Petitioner filed his petition in the United States District Court, Eastern District of Missouri (Doc. 1). He challenges the calculation and application of his earned-time credits under the First Step Act of 2018, 18 U.S.C. § 3632, and contends 547 days of credit should be applied to his term of supervised release (*Id.*). On March 30, 2023, the District Court in the Eastern District of Missouri determined Petitioner was attacking his federal sentence, construed his petition as a motion to vacate his sentence under 28 U.S.C. § 2255, and transferred the action to this Court where Petitioner's sentence was imposed (Doc. 4).

**DISCUSSION**

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). A claim for credit toward a federal sentence is cognizable under § 2241 as a challenge to the execution of a sentence. *United States v. Roberson*, 746 Fed. Appx. 883, 885 (11th Cir. 2018) (citing *Antonelli*, 542 F.3d at 1351–52). *See also, Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as

---

[1] The Court obtained this information from the United States Probation Office in Tampa, Florida, on April 19, 2023.

2

deprivation of good-time credits and other prison disciplinary matters. . .affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a § 2255 motion.")). Petitioner challenges the deprivation of credits. Therefore, his petition is properly construed as a petition for a writ of habeas corpus under § 2241.

"Section 2241 petitions must be brought in the district court of the district where the prisoner is incarcerated, and any other district court lacks jurisdiction over the petition." *United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) (citing *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)). *See also, Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (a § 2241 petition must be brought in the jurisdiction of incarceration). "This rule applies equally where a petitioner challenges a term of supervised release, and requires that the petitioner file the petition in the district in which he is supervised." *United States v. Brown*, 2023 WL 1927819, at *1 (S.D.N.Y. Feb. 10, 2023) (citing *Sandy v. United States of America*, 2023 WL 1463386, at *1 (3d Cir. Feb. 2, 2023) (unpublished) ("As for the proper district, we agree with the Government that [petitioner's] [Section] 2241 petition must be adjudicated in the district where he will reside and serve his term of supervised release.")). *See also, United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) (a petitioner "may bring a § 2241 habeas petition only in the district court that has personal jurisdiction over his current custodian[,]" and the "supervised release administrator" is the custodian

3

where the petitioner is on supervised release when he files his petition) (citations omitted); *Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) ("2241 jurisdiction exists only if the District Court has jurisdiction over the petitioner's custodian.").

Because Petitioner was on supervised release when he filed his § 2241 petition, he is serving his term of supervised release in Missouri, and the administrator of his supervised release resides in Missouri, this Court lacks jurisdiction over the petition. The proper forum is the United States District Court for the Eastern District of Missouri.

Accordingly, the Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Eastern District of Missouri. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court [such as this one]. . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action. . .could have been brought at the time it was filed. . . ."). The Clerk is further directed to close this case.

**ORDERED** at Tampa, Florida, on July 18, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

cc: Petitioner, *pro se*