**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY MUNRO ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00914-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Timothy Munro Roberts filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with this Court.  Doc. [1].  In it, he alleges he is "owed 547 days of First Step Act Credits" such that his supervised release should be reduced.  *Id.*  Roberts pleaded guilty in the United States District Court for the Middle District of Florida to the offense of wire fraud under 18 U.S.C. § 1343.  *See United States v. Timothy Munro Roberts*, 8:15-cr-00356-CEH-CPT-1 (M.D. Fla.).  That court sentenced Roberts to a term of imprisonment of eighty months to be followed by a term of supervised release of thirty-six months.  *Id.*  Roberts has completed his imprisonment and currently is on supervised release.  While Roberts presently resides in this District—the Eastern District of Missouri—this District does not have jurisdiction over him as a supervised releasee.

Section 3605 of Title 18 provides for transfer of jurisdiction over a probationer or person on supervised release.  It provides that a court, after imposing a sentence, "may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court."  18 U.S.C. § 3605.  The Court has

reviewed its own records and concludes that it has never accepted jurisdiction over Roberts as a supervised releasee.  Nor has this Court been requested to do so.  The Court confirmed with this District's United States Probation Office that there has not been an Order Transferring Jurisdiction signed by a judge of the Middle District of Florida.

Because Roberts resides in this District, but jurisdiction over his supervised release has not been transferred out of the Middle District of Florida, this District's Probation Office simply has been providing "courtesy supervision," which is "an informal arrangement between Probation Offices that does not transfer jurisdiction, but instead uses the supervising office as the 'eyes and ears' of another."  *See United States v. Johnson*, 861 F.3d 474, 480 n.18 (3d Cir. 2017).  While not typical, it also is "not [an] uncommon" occurrence.  *See* Office of General Counsel, U.S. Sentencing Commission, *Primer: Supervised Release*, 9–10 (Feb. 2019) (https://www.ussc.gov/sites/default/files/pdf/training/primers/2019_Primer_Supervised_Release. pdf).  When a probation office provides this "courtesy supervision" of a releasee on behalf of a probation office in a different district, "formal jurisdiction over the releasee and any decision concerning his/her term of supervised release remains with the original sentencing court."  *Id.*

Because the Middle District of Florida has not ordered the jurisdiction of Roberts transferred to this Court and because this Court has not accepted and assumed jurisdiction of Roberts as a releasee, the Court does not have jurisdiction to entertain Roberts's instant application because his custodian remains his supervised release administrator in the Middle District of Florida.  *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (explaining a "claim attacking the execution of a sentence should be brought in a § 2241 petition in the jurisdiction of incarceration"); *Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) (noting jurisdiction to entertain a § 2241 petition "exists only if the District Court has jurisdiction

over the petitioner's custodian"); *United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) (explaining "the relevant custodian" for someone on supervised release is the "supervised release administrator," and noting that administrator might be in a different district than the sentencing court *if* there was a transfer under 18 U.S.C. § 3605); *cf. Bandy v. U.S. Atty. Gen.*, 408 F.2d 523, 524 (8th Cir. 1969) (finding a petitioner "remained in the lawful custody of the warden of the United States Penitentiary at Leavenworth, Kansas" for habeas purposes even when petitioner physically "was in the temporary custody of the United States Marshal in the District of North Dakota" for proceedings in another matter).

## CONCLUSION

The Great Writ, the writ of *habeas corpus ad subjiciendum*, developed under English common law as "a mechanism for asking 'why the liberty of a subject is restrained.'" *Edwards v. Vannoy*, 141 S. Ct. 1547, 1567 (2021) (Gorsuch, J., concurring) (internal alterations omitted); *accord Brown v. Davenport*, 142 S. Ct. 1510, 1520 (2022). Here, the proper party to answer why Roberts's liberty is restrained is his supervised release administrator in the United States District Court for the Middle District of Florida. That court sentenced Roberts to supervised release. That District's Probation Office formally supervises him. True, the Probation Office in this District has engaged in courtesy supervision over Roberts. But since his supervision has not been transferred to this Court by the Middle District of Florida, let alone accepted and assumed by this Court, his custodian is his supervised release administrator in the Middle District of Florida. 18 U.S.C. § 3605. The Court therefore will dismiss Roberts's Petition for lack of jurisdiction.[1]

---

[1] The Court declines to transfer this Petition to the Middle District of Florida under 28 U.S.C. § 1631. The Clerk of this Court does not transmit cases ordered transferred until two weeks after the date of an order of transfer. Thus, if Roberts chooses to do so, he easily could file his application in the Middle District of Florida more quickly than this Court would transfer it. Further, Roberts has not paid any filing fee, so he will not face double fees if he chooses to

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Timothy Munro Roberts's Petition for a

Writ of Habeas Corpus, Doc. [1], is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner Timothy Munro Roberts's Motion for

Leave to Proceed in Forma Pauperis, Doc. [2], and Motion for PACER E-Filing Access, Doc.

[3], are **DENIED** without prejudice as moot.

Dated this 15th day of August 2023.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

refile in the Middle District of Florida, and his Petition would not be untimely if filed anew in that District.  All
things considered, the Court concludes it would not be in the interest of justice to transfer this case.